UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARNIE FRANTZ,

                                        Plaintiff,

                -against-

THE NATIONAL FOOTBALL LEAGUE,

                                        Defendant.
------------------------------------------------------------X



JUDGE McMAHON

COMPLAINT **07 CV 971**

07 Civ.
(Jury Trial Demanded)

RECEIVED
FEB 09 2007
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff Earnie Frantz, by his attorney Scott A. Korenbaum, Esq., for his complaint, alleges

as follows:

                                Preliminary Statement

        1.      Plaintiff Earnie Frantz brings this action, pursuant to 42 U.S.C. § 1981 and Title VII

of the Civil Rights Act of 1964, as amended, to redress the racial discrimination he experienced

while in the employ of defendant National Football League (the "NFL"). Without any justification,

the NFL terminated Mr. Frantz from the position of Associate Supervisor of Officiating because of

the color of his skin.

        2.      Mr. Frantz also brings this action to recover monetary damages he has suffered as a

result of the wrongful termination of his employment. Despite the enforceable promise that Mr.

Frantz would be employed as an Associate Supervisor of Officiating for as long as his supervisor,

Mike Pereira, was employed with the NFL, the NFL terminated Mr. Frantz's employment on June

27, 2005.

                                Jurisdiction and Venue

        3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. This Court

has supplement jurisdiction of Mr. Frantz's state law claims pursuant to 28 U.S.C. §1367.

Dockets.Justia.com

4.    Pursuant to 28 U.S.C. § 1391, venue is proper because the facts underlying Mr. Frantz's claims occurred in this district.

## Parties

5.    Mr. Frantz is a white male. He is a citizen of the United States and currently resides in the State of Massachusetts.

6.    Upon information and belief, the NFL is an unincorporated joint venture consisting of 32 individually owned separate professional football teams, each of which is operated through a distinct corporation or partnership. The NFL's principle place of business is located in New York City. The NFL is an employer within the meaning of Title VII and the New York State and New York City Human Rights Laws.

## ADMINISTRATIVE PREREQUISITES

7.    On or about March 28, 2006, Mr. Frantz filed a timely Charge of Discrimination with the New York State Division of Human Rights (the "SDHR"), which, upon information and belief, was cross-filed with the United States Equal Employment Opportunity Commission (the "EEOC").

8.    By Order dated October 27, 2006, the SDHR dismissed Mr. Frantz's charge of discrimination for administrative convenience. Upon information and belief, on or about November 24, 2006, the EEOC issued Mr. Frantz a Right to Sue letter. Mr. Frantz is commencing this action within 90 days of his receipt of the Right to Sue Letter.

9.    Prior to the commencement of this action, Mr. Frantz's counsel served a copy of this complaint upon the Office of the Corporation Counsel and the New York City Commission on Human Rights.

## Facts

10.     From 1981 through the 2001 football season, Mr. Frantz held the position of Head Linesman with the NFL. As Head Linesman, he always performed his responsibilities in an exemplary manner.

11.     Before he retired as Head Linesman, Mike Pereira, who then held the position of Director of Officiating, began to recruit Mr. Frantz to come to New York to work in a supervisory capacity. The NFL authorized Mr. Pereira to employ Mr. Frantz in a supervisory capacity.

12.     Based upon specific representations made to him by Mr. Pereira, Mr. Frantz retired from the position of Head Linesman.  As part of his employment in a supervisory capacity, Mr. Pereira promised Mr. Frantz that he would be employed by the NFL for so long as Mr. Pereira remained employed with the NFL. Because he was concerned with job security, Mr. Frantz asked Mr. Pereira how long he intended to remain with the NFL. Mr. Pereira stated at least 10 years.

13.     The NFL hired Mr. Frantz for the position of Associate Supervisor of the NFL's Officiating Department, which job he started during the 2002 NFL season. As Associate Supervisor of Officiating, his responsibilities included, among other matters, supervising the game day operations of professional football games for the given week , as well as the performances of different officiating crews assigned to such games. They also included grading the performances for these officiating crews.

14.     Mr. Frantz held the position of Associate Supervisor through the NFL's 2004 season. At all times he performed his tasks in an able manner.

15.     On June 27, 2005, Mr. Pereira informed Mr. Frantz that the NFL had fired him. At the time he did so, Mr. Pereira was still employed by the NFL. In fact, Mr. Pereira remains in the

employ of the NFL.

16.    The NFL did not have a valid reason to fire Mr. Frantz. Not only did Mr. Pereira frequently compliment his work as Associate Supervisor, but when Mr. Frantz asked Mr. Pereira on June 27th why he was being let go, Mr. Pereira told him that it was because he did his job too well.

17.    In terminating Mr. Frantz's employment, the NFL bowed to the pressure of the minority members of the officiating crews whom he supervised. A vocal component of the minority officiating crew, including Byron Boston, complained that Mr. Frantz was racially biased and graded the minority officials more harshly than he graded the non-minority officials.

18.    The NFL knew that the complaints about Mr. Frantz were false. Nonetheless, because they were more concerned with appeasing dissatisfied minority members of the officiating crew, the NFL fired Mr. Frantz without justification. Moreover, in letting him go, the NFL treated Mr. Frantz less favorably than other minority members within its employ.

### FOR A FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1981)

19.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 above, as if set forth fully herein.

20.    At all times relevant herein, plaintiff was qualified for the position of Associate Supervisor of Officiating.

21.    Notwithstanding his qualifications for the position of Associate Supervisor of Officiating, the NFL terminated Mr. Frantz's employment.

22.    In terminating Mr. Frantz's employment, race placed a substantial or motivating factor in the NFL's decision.

-4-

23.    As a result of the NFL's discriminatory treatment of him, Mr. Frantz has suffered both emotional and pecuniary damages.

### FOR A SECOND CLAIM FOR RELIEF
(Title VII)

24.    Mr. Frantz repeats and realleges the allegations contained in paragraphs 1 through 23 above, as if set forth fully herein.

25.    The NFL's discriminatory treatment of Mr. Frantz violates Title VII of the Civil Rights Act of 1964, as amended.

26.    As a result of the NFL's discriminatory treatment of him, Mr. Frantz has suffered both emotional and pecuniary damages.

### FOR A THIRD CLAIM FOR RELIEF
(N.Y. Executive Law § 296)

27.    Mr. Frantz repeats and realleges the allegations contained in paragraphs 1 through 26 above, as if set forth fully herein.

28.    The NFL's discriminatory treatment of Mr. Frantz violates New York Executive Law § 296.

29.    As a result of the NFL's discriminatory treatment of him, Mr. Frantz has suffered both emotional and pecuniary damages.

### FOR A FOURTH CLAIM FOR RELIEF
(N.Y.C. Admin. Code § 8-107)

30.    Mr. Frantz repeats and realleges the allegations contained in paragraphs 1 through 29 above, as if set forth fully herein.

31.    The NFL's discriminatory treatment of Mr. Frantz violates New York City

Administrative Code § 8-107.

32.     As a result of the NFL's discriminatory treatment of him, Mr. Frantz has suffered both emotional and pecuniary damages.

FOR A FIFTH CLAIM FOR RELIEF<br>(Breach of Contract)

33.     Mr. Frantz repeats and realleges the allegations contained in paragraphs 1 through 32 above, as if set forth fully herein.

34.     The NFL agreed to employ Mr. Frantz as an Associate Supervisor of Officiating for as long as Mr. Pereira remained an employee of the NFL.

35.     On June 27, 2005, the NFL terminated Mr. Frantz's employment.

36.     At the time the NFL terminated Mr. Frantz's employment, Mr. Pereira was still an employee of the NFL, and still remains an employee.

37.     Mr. Frantz performed all his obligations under the terms of his oral contract of employment with the NFL.

38.     As a result of the NFL's decision to terminate his employment, Mr. Frantz has suffered economic damages.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the following relief:

(a)     compensatory damages, including but not limited to back pay, in an amount to be determined at trial;

(b)     punitive damages in an amount to be determined at trial;

(c)     pre-judgment interest;

(d)    costs and expenses of this action;

(e)    reasonable attorneys' fees;

(f)    front pay; and

(g)    such other and further relief as is just and proper.

Dated: New York, New York
       February 9, 2007

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
111 Broadway, Suite 1305
New York, New York  10006
(212) 587-0018

By: _____
       Scott A. Korenbaum (SK-8305)