UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EARNIE FRANTZ,

                          Plaintiff,

                                                    AMENDED COMPLAINT
     -against-

                                                    07 Civ. 971 (CM) (JCF)
THE NATIONAL FOOTBALL LEAGUE,          (Jury Trial Demanded)

                          Defendant.
------------------------------------------------------------X

       Plaintiff Earnie Frantz, by his attorney Scott A. Korenbaum, Esq., for his amended complaint, alleges as follows:

Preliminary Statement

       1.     Plaintiff Earnie Frantz brings this action to recover monetary damages he has suffered as a result of the improper termination of his employment. Despite the enforceable promise that Mr. Frantz would be employed as an Associate Supervisor of Officiating for as long as his supervisor, Mike Pereira, was employed with the NFL, the NFL terminated Mr. Frantz's employment on June 27, 2005.

Jurisdiction and Venue

       2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

       3.     Pursuant to 28 U.S.C. § 1391, venue is proper because the facts underlying Mr. Frantz's claim occurred in this district.

Parties

       4.     Mr. Frantz is a citizen of the United States and currently resides in the State of Massachusetts.

       5.     Upon information and belief, the NFL is an unincorporated joint venture consisting

of 32 individually owned separate professional football teams, each of which is operated through a distinct corporation or partnership.

Facts

6. From 1981 through the 2001 football season, Mr. Frantz held the position of Head Linesman with the NFL. As Head Linesman, he always performed his responsibilities in an exemplary manner.

7. Before he retired as Head Linesman, Mike Pereira, who then held the position of Director of Officiating, began to recruit Mr. Frantz to come to New York to work in a supervisory capacity. The NFL authorized Mr. Pereira to employ Mr. Frantz in a supervisory capacity.

8. Based upon specific representations made to him by Mr. Pereira, Mr. Frantz retired from the position of Head Linesman. As part of his employment in a supervisory capacity, Mr. Pereira promised Mr. Frantz that he would be employed by the NFL for so long as Mr. Pereira remained employed with the NFL.

9. The NFL hired Mr. Frantz for the position of Associate Supervisor of the NFL's Officiating Department, which job he started during the 2002 NFL season. As Associate Supervisor of Officiating, his responsibilities included, among other matters, supervising the game day operations of professional football games for the given week, as well as the performances of different officiating crews assigned to such games. They also included grading the performances for these officiating crews.

10. Mr. Frantz held the position of Associate Supervisor through the NFL's 2004 season. At all times he performed his tasks in an able manner.

11. On June 27, 2005, Mr. Pereira informed Mr. Frantz that the NFL had fired him. At

the time he did so, Mr. Pereira was still employed by the NFL. In fact, Mr. Pereira remains in the employ of the NFL.

12. The NFL did not have just cause or any other viable reason to fire Mr. Frantz. Not only did Mr. Pereira frequently compliment his work as Associate Supervisor, but when Mr. Frantz asked Mr. Pereira on June 27th why he was being let go, Mr. Pereira told him that it was because he did his job too well.

FOR A FIRST CLAIM FOR RELIEF
(Breach of Contract)

13. Mr. Frantz repeats and realleges the allegations contained in paragraphs 1 through 12 above, as if set forth fully herein.

14. The NFL agreed to employ Mr. Frantz as an Associate Supervisor of Officiating for as long as Mr. Pereira remained an employee of the NFL.

15. On June 27, 2005, the NFL terminated Mr. Frantz's employment.

16. At the time the NFL terminated Mr. Frantz's employment, Mr. Pereira was still an employee of the NFL, and still remains an employee.

17. Mr. Frantz performed all his obligations under the terms of his oral contract of employment with the NFL.

18. As a result of the NFL's decision to terminate his employment, Mr. Frantz has suffered economic damages.

PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for the following relief:

(a) compensatory damages, including but not limited to back pay, in an amount

to be determined at trial;

      (b)    pre-judgment interest;

      (c)    costs and expenses of this action; and

      (d)    such other and further relief as is just and proper.

Dated: New York, New York
       April 24, 2007

                SCOTT A. KORENBAUM, ESQ.
                Attorney for Plaintiff
                111 Broadway, Suite 1305
                New York, New York  10006
                (212) 587-0018

                By: _____/s_____
                     Scott A. Korenbaum (SK-8305)